## McNamara v. O'Brien.

Petition in Error : Administrator to Determine When to Prosecute.—Where an administrator refused to prosecute a petition in error, and the surety upon the supersedeas bond moved for leave to prosecute, *Held*, That the administrator had the right to determine whether the interests of the estate required that the prosecution be continued or abandoned, and that his refusal to appear and prosecute must be treated as conclusive evidence of his election not to prosecute.

Idem.—In no event could the surety on the supersedeas bond be allowed to prosecute; that would be to allow him to control the prosecution, to interfere with the trust, and to deprive the administrator of the power to protect the estate.

Error to the District Court of Laramie County.

This was a motion by the surety upon a supersedeas bond, for leave to appear and prosecute the petition in error.

*W. W. Corlett*, for the motion.

*C. N. Potter*, contra.

Peck, J.  Emily E. O'Brien obtained judgment in the district court against P. J. McNamara: the latter stayed it by a supersedeas bond; filed here his petition in error with a transcript for a review of the judgment; died; and N. J. O'Brien was appointed his administrator; qualified; and entered upon the trust; afterwards Emily E. O'Brien suggested the death of the intestate upon the record of this court; subsequently moved for a revivor of the case against the administrator; the motion was granted; the administrator was cited in, but failed to appear; and his default was entered.  At this stage of the case R. B. Horrie, as surety upon the supersedeas bond, moved for leave to prosecute the petition in error, to which the defendant in error, after notice of the motion, does not object.

For the purposes of the motion I shall treat all the steps preliminary to making it, as having been duly taken.  Its allowance depends, not on the assent of the defendant in error, but on the relation of the surety to the estate.  To prosecute the petition would be to subject the estate to the risk of future costs, and to other expenses; it is the duty of the administrator to determine whether its interests require that the prosecution be continued or abandoned; to this determination he must apply sound discretion; failing to do so, he would subject himself and his administrative bond to liabilities for the consequences; his duty is an incident to his trust, is accompanied by a corresponding right in him to control the prosecution, and this right is purely representative; his refusal to appear and prosecute must be treated as conclusive evidence of his election not to prosecute; to allow the supersedeas surety to appear and prosecute the petition, would be to allow him to control the prosecution—to interfere with the trust—to deprive the administrator of the power to protect the estate.  There-

fore the former must stand aside, abide the risk of the judgment, rendered below, remaining final or being affirmed, and in either event be confined for his protection to such defenses under the bond, as may exist outside of the issues which are covered by that judgment. The motion is denied.

Motion denied.